UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JEREMY SPINKS, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 2:05-cv-0224-RLY-WGH |
| ) | |
| AL PARKES, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Jeremy Spinks ("Spinks") seeks habeas corpus relief with respect to a prison disciplinary proceeding identified as No. ISF 05-06-0320. Spinks' request filed on November 16, 2005, to amend or correct certain arguments in support of his habeas petition is **granted.**

For the reasons explained in this Entry, Spinks is not entitled to the relief he seeks and his petition must be **denied.**

**I.  Applicable Law**

Spinks is entitled to a writ of habeas corpus if he is in custody pursuant to the challenged proceeding "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner's confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

In these circumstances, Spinks was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

## II. Discussion

Spinks was charged in No. ISF 05-06-0320 with engaging in trafficking with anyone who is not an offender. This charge was based on information collected in a report of investigation issued on June 23, 2005, wherein it is detailed that Correctional Officer Schmidli was caught attempting to traffic creatine and tobacco with Spinks. By "caught" is meant, here, the incriminating telephone calls were monitored at the prison, Officer Schmidli was caught in possession of a large amount of creatine and tobacco. Officer Schmidli confessed that he had trafficked tobacco and creatine to inmates, and Officer Wire's interview of several confidential informants yielded the information that: "1) the incident on June 16, 2005 would have been Officer Schmidli's third time he had trafficked with an offender in dorm 17-north; 2) the creatine was intended for offenders Jeremy Spinks and Dennis Plummer; 3) the tobacco was intended for offenders Jeremy Spinks, Dennis Plummer and Joshua Wall; [and] 4) Officer Schmidli would drop the chip bag containing tobacco in the trash can in the dorm."

After being provided with a copy of the written charge and attending the hearing on the charge conducted on June 28, 2005, Spinks was found guilty and was sanctioned. This action followed.

Spinks' claims are that: (1) "the Board members had poor knowledge of the conduct report;" (2) his due process rights were violated because he was denied an opportunity to review phone recordings which were part of Internal Affairs Case File # 05-ISF-053; (3) the conduct board violated prison regulations by failing to state what was viewed by the conduct board outside Spinks' presence; and (4) he was not afforded the equal protection of the law because Offender Dennis Plummer was not punished to the same extent as the Petitioner.

Using the protections recognized in *Wolff* as an analytical template, Spinks received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Spinks was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board and reviewing authority issued a sufficient statement of their findings, and (3) the conduct board and the reviewing authority issued a written reason for their decisions and for the sanctions which were imposed. With respect to the sufficiency of the evidence, the evidence favorable to the conduct board's decision--*see Willard v. Pearson,* 823 F.2d 1141, 1150 (7th Cir. 1987) (a federal habeas corpus court must presume that the jury resolved all reasonable inferences in the State's favor)–has been recited, and was ample to support the conduct board's conclusion. *Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"). There is no requirement that there have been either an eyewitness to these incidents or that there have been physical evidence to support the charge which was made. The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Indeed, even "meager" proof will suffice. *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). Although the evidence before the disciplinary board must "point to the accused's guilt," *Lenea v. Lane*, 882 F.2d

1171, 1175 (7th Cir. 1989), "only evidence that was presented to the Adjustment Committee is relevant to this analysis." *Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.").

Spinks' various challenges to the proceeding, moreover, are not persuasive: the conduct report was clear and the decision on it reflected no misunderstanding, nor any "poor knowledge" of the charge against Spinks. The circumstances justifying Spinks' lack of access to portions of the internal affairs record were found adequate in Part I of the Entry of November 1, 2005. The fact that some evidence was considered outside Spinks' presence did not violate his due process rights. *White v. Indiana Parole Board,* 266 F.3d 759, 767 (7th Cir. 2001)("prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public"). Spinks' claim is that the conduct board violated prison procedures by not fully completing a form does not support the award of relief here, because the mere violation of such a policy does not constitute even a cognizable claim under § 2254, *Evans v. McBride*, 94 F.3d 1062 (7th Cir. 1996). Spinks' claim that another offender was less severely punished for involvement in the same scheme does not provide a sound basis for an equal protection comparison or any other challenge, for inconsistency in the operation of a prison does not, in itself, constitute a denial of equal protection. *Shango v. Jurich,* 681 F.2d 1091, 1104 (7th Cir. 1982). Spinks' discontent does not supply a viable basis for an equal protection challenge. *Washington v. Davis,* 426 U.S. 229, 247-48 (1976) (to state a claim under the Equal Protection Clause, a plaintiff must allege that a state actor intentionally discriminated against the plaintiff based upon his or her membership in a protected class); *Herro v. City of Milwaukee,* 44 F.3d 550, 552 (7th Cir. 1995) ("A person bringing an action under the Equal Protection Clause must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual."). The other individual, from all accounts, was a mere customer of the smuggled contraband, rather than one of the schemers, and it is not constitutionally an offense for each inmate to be disciplined in light of his own deeds. Additionally, nothing in *Wolff* or its progeny require that the conduct board include even one non-prison official, there was no right to cross-examine witnesses in this context, *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992) (citing *Baxter v. Palmigiano,* 425 U.S. 308, 322-23 (1976)); *see also Brown-Bey v. United States,* 720 F.2d 467, 469 (7th Cir. 1983) ("Confrontation and cross-examination of witnesses in the context of a prison disciplinary proceeding are matters left to the sound discretion of prison officials."), and, in the circumstances of this case, the conduct board's written statements were sufficient to inform Spinks of what occurred and permit meaningful administrative and judicial review. *See Culbert v. Young,* 834 F.2d 624, 630 (7th Cir. 1987) (applying both *Wolff* and *Hill,* the court reached the conclusion that "the kind of statements that will satisfy the constitutional minimum will vary from case to case depending on the severity of the charges and the complexity of the factual circumstances and proof offered by both sides).

### III. Conclusion

Claims such as those presented in this case must be considered in light of the special environment of a prison, where administrators "must be accorded wide-ranging deference in the . . . execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Pardo v. Hosier*, 946 F.2d 1278, 1280-81 (7th Cir. 1991) (internal quotations omitted). "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings which entitles Spinks to relief. His claim that he was denied the protections afforded by *Wolff* is either refuted by the expanded record or based on assertions which do not entitle him to relief. Accordingly, his petition for a writ of habeas corpus must be **denied** and this action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/18/2005

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana